NIGHT BOX
FILED

AUG 18 2005

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

05-22300

CIV-COOKE

MAGISTRATE JUDGE
BROWN

| | |
|---|---|
| WET WILLIE'S MANAGEMENT CORP., and SOUTH BEACH WET WILLIE'S, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>IMPACT DISTRIBUTION, INC., a/k/a IMPACT BEVERAGE CO.,<br><br>Defendant. | Civil Action File No.<br><br>_____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs Wet Willie's Management Corp. and South Beach Wet Willie's, Inc. (collectively "Wet Willie's" or "Plaintiff") file this Complaint for Injunctive Relief and Damages against Defendant Impact Distribution, Inc., a/k/a Impact Beverage Co. ("Impact" or "Defendant"), and in support allege as follows:

## NATURE AND BASIS OF ACTION

1.   This is an action for trademark and service mark infringement in violation of the Federal Lanham Act, 15 U.S.C. § 1114(1), and the common law of the State of Florida; unfair competition in violation of the Federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A); trademark dilution in violation of the Federal Lanham Act,

15 U.S.C. § 1125(c), and Fla. Stat. Ann. § 495.151; and deceptive trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.* Plaintiff seeks injunctive relief, damages, and recovery of its reasonable costs and attorneys' fees.

## PARTIES

2. Wet Willie's Management Corp. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at P.O. Box 60127, Savannah, Georgia 31420. Wet Willie's Management Corp. is the owner of right, title and interest to the WET WILLIE'S Mark (defined below), and has licensed it to various affiliated companies for use in connection with restaurant and bar services, and related goods and services.

3. South Beach Wet Willie's, Inc. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 760 Ocean Drive, Miami Beach, Florida 33139. South Beach Wet Willie's owns and operates a restaurant and bar in Miami Beach under the trademark and service mark WET WILLIE'S under license from Wet Willie's Management Corp.

4. Defendant Impact is a corporation organized and existing under the laws of the State of California. Impact's principal place of business is 2800 Leavenworth Street, Suite 370, San Francisco, California 94133.

## JURISDICTION AND VENUE

5.   This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1337 and 1338, because this case arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, the parties hereto are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.

6.   This Court has supplemental jurisdiction over Wet Willie's state law and common law claims pursuant to 28 U.S.C. § 1367.

7.   This Court has personal jurisdiction over Defendant because Defendant has, *inter alia*, transacted business within the State of Florida, derived substantial revenue from goods used or consumed or services rendered in the State of Florida, committed tortious acts within the State of Florida, and/or caused injury to persons in the State of Florida arising out of acts committed outside this state.

8.   Venue is proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims occurred in this District. In addition, Defendant is subject to personal jurisdiction within this District.

## FACTUAL BACKGROUND

## Wet Willie's and its Famous WET WILLIE'S Mark

9. Wet Willie's has licensed the WET WILLIE'S Mark for use in restaurants and bars in cities throughout the southeastern United States, including Savannah, GA, Memphis, TN, Charleston, SC, Shreveport, LA, Miami Beach, FL, West Palm Beach, FL, Coconut Grove, FL, and St. Petersburg, FL. In addition, Wet Willies is currently developing and executing plans to expand into markets in Trenton, NJ, Jackson, MS, and Paris, France.

10. Since at least as early as 1990, Wet Willie's, or its licensees and/or affiliates, has continuously used the trademark and service mark WET WILLIE'S and the slogan WET WILLIE'S – A BAR, A PARTY, AN INSTITUTION (collectively, the "WET WILLIE'S Mark") in interstate commerce to identify its restaurant and bar services, and related goods and services.

11. Currently, Wet Willie's has licensed the WET WILLIE'S Mark for use in eight different full-service restaurants and bars in five states. Wet Willie's restaurants and bars specialize in more than 18 variations of frozen cocktails, as well as "jello-shots" and other alcoholic beverages. Wet Willie's locations have become destination attractions for both tourists and local residents alike. Wet Willie's frozen cocktails are frequently offered under creative, memorable names, such as, for example, "Attitude Improvement," "Call a Cab," "Monkey Shine,"

"Shock Treatment," "Polar Cappuccino," "Chocolate Thunder," "Cherry Bomb," "Monster Melon," and "Grape Escape."

12. Wet Willie's also utilizes its WET WILLIE'S Mark in connection with the promotion and sale of apparel and merchandise, including t-shirts and hats.

13. Wet Willie's spends substantial sums annually to promote the goods and services it sells under its WET WILLIE'S Mark, and Wet Willie's generates substantial revenue from the sale of such goods and services.

14. As an integral part of its marketing plan, Wet Willie's operates an Internet Web site under the domain name <wetwillies.com> (the "Wet Willie's Web Site"). Using the Wet Willie's Web Site, Internet users can locate a Wet Willie's bar and restaurant near them, review the standard menu for Wet Willie's locations, review upcoming events at Wet Willie's locations, purchase WET WILLIE'S branded apparel, and learn the history of Wet Willie's.

15. As a result of Wet Willie's long-term and widespread use of the WET WILLIE'S Mark in commerce, and the amount of favorable publicity surrounding WET WILLIE'S restaurant and bar services, the WET WILLIE'S Mark has achieved a level of recognition such that it is a famous mark in the United States and abroad. The WET WILLIE'S Mark acquired such fame well prior to the date on which Defendant commenced the acts complained of herein.

16.   In recognition of Wet Willie's rights in and to the WET WILLIE'S Mark, the U.S. Patent and Trademark Office ("USPTO") has granted Wet Willie's Reg. No. 1,679,064 for its mark WET WILLIE'S – A BAR, A PARTY, AN INSTITUTION on the principal register.

17.   In accordance with Sections 7, 22, and 33(a) of the Trademark Act of 1946, 15 U.S.C. §§ 1057, 1072, and 1115(a), Wet Willie's federal trademark registration is valid and subsisting in law, was duly and legally issued, is *prima facie* evidence of the validity of the mark registered, and constitutes constructive notice of the ownership of the mark by Wet Willie's. In addition, Wet Willie's federal trademark registration has become incontestable pursuant to Section 15 of the Trademark Act of 1946, 15 U.S.C. § 1065, and, pursuant to Section 33(b) of the Act, 15 U.S.C. § 1115(b), this registration is therefore conclusive evidence of Wet Willie's exclusive right to use the WET WILLIE'S Mark.

## Defendant's Wrongful Conduct

18.   Defendant Impact manufactures and distributes gelatin-based, alcoholic "edible cocktails," or "jello-shots," under the mark WET WILLY'S. Like Wet Willie's drink offerings and jello-shots, Defendant's jello-shots are offered under creative and memorable names, such as "Passion Fruit," "Karmakazi," "Blue Islander," "Purple Shooter," "Melon Drop," and "Golden Splash."

19. Upon information and belief, Defendant sells its jello-shots cocktails in markets in ten different states, including, but not limited to, Florida, Georgia, and South Carolina – states in which Wet Willie's operates its restaurants/bars.

20. Defendant also maintains an Internet Web site using the domain name <wetwillys.com>. Visitors to the <wetwillys.com> Web site can order WET WILLY'S-branded edible cocktails from Defendant, obtain information regarding WET WILLY'S cocktails, including drink recipes and suggested party themes, and view a schedule of upcoming WET WILLY'S promotional events at restaurants and bars.

21. On June 7, 2004, Defendant filed an application with the USPTO, Serial No. 78/431,295, seeking registration of the mark WET WILLY'S and Design for use in connection with "edible alcoholic drinks."

22. On June 9, 2004, Defendant filed an application with the USPTO, Serial No. 78/259,969, seeking registration of the word mark WET WILLY'S for use in connection with "alcoholic beverages namely edible cocktails, packaged for off premises consumption and sold in retail stores excluding restaurants and bars." Defendant's application was published for opposition on October 12, 2004. On or about November 12, 2004, Wet Willie's filed a Notice of Opposition against Defendant's application, which proceeding is currently pending before the Trademark Trial and Appeal Board.

23. Upon information and belief, Defendant has adopted and is using marks virtually identical in sight, sounds, and meaning to the WET WILLIE'S Mark in connection with its alcoholic beverages and related goods and services, with full knowledge of Wet Willie's and its exclusive rights to the WET WILLIE'S Mark, and with full knowledge that Defendant has no legal right to use the WET WILLIE'S Mark to promote or sell its own goods or services.

24. Upon information and belief, Defendant is using the WET WILLIE'S Mark with the sole purpose and intent of trading on the goodwill that Wet Willie's has developed in the WET WILLIE'S Mark, and in a manner designed to mislead consumers into believing that Defendant and/or its WET WILLY'S branded goods and services are affiliated or associated with, or endorsed or sponsored by, Wet Willie's. In fact, Defendant's unlawful actions have led to actual consumer confusion between Defendant's use of its WET WILLY'S mark and Wet Willie's and it's WET WILLIE's Mark.

## COUNT I

### Federal Trademark and Service Mark Infringement

25. Wet Willie's incorporates by reference the allegations contained in paragraphs 1 - 24 of this Complaint, as if fully set forth herein.

26. Wet Willie's federally registered WET WILLIE'S Mark serves to identify to the public certain goods and services that are offered by Wet Willie's

alone, and the goods and services offered in connection with that mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Wet Willie's.

27. Defendant has used a colorable imitation of the WET WILLIE'S Mark, without authorization, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, and such use is likely to cause confusion, mistake, or deception as to the true source or sponsorship of such goods and services.

28. Defendant's conduct will enable Defendant to earn profits to which Defendant is not in law, equity or good conscience entitled, and has unjustly enriched Defendant, all to Defendant's profit and Wet Willie's damage and detriment.

29. Defendant's conduct constitutes trademark and service mark infringement in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

30. As a direct and proximate result of Defendant's conduct in violation of 15 U.S.C. § 1114(1), Wet Willie's has suffered actual and irreparable injury for which no adequate remedy exists at law.

31. Defendant's wrongful conduct will continue to cause such injury unless enjoined by this Court.

## COUNT II

### Common Law Trademark and Service Mark Infringement

32. Wet Willie's incorporates by reference the allegations contained in paragraphs 1 - 24 of this Complaint, as if fully set forth herein.

33. Wet Willie's, by virtue of its prior adoption and use of the WET WILLIE'S Mark in interstate commerce, has acquired, established and owns valuable common law rights in the WET WILLIE'S Mark, which serve to identify goods and services offered by Wet Willie's alone, and the goods and services offered in connection with that mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Wet Willie's.

34. Defendant has used a colorable imitation of the WET WILLIE'S Mark, without authorization, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, and such use is likely to cause confusion, mistake, or deception as to the true source or sponsorship of such goods and services.

35. Defendant's conduct constitutes trademark and service mark infringement in violation of the common law of the State of Florida.

36. As a direct and proximate result of Defendant's trademark and service mark infringement, Wet Willie's has suffered actual and irreparable injury for which no adequate remedy exists at law.

37. Defendant's wrongful conduct will continue to cause such injury unless enjoined by this Court.

## COUNT III

### Federal Unfair Competition

38. Wet Willie's incorporates by reference the allegations contained in paragraphs 1 - 24 of this Complaint, as if fully set forth herein.

39. Defendant has used the WET WILLIE'S Mark, without authorization, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, and such use is likely to cause confusion, mistake, or deception as to the true source or sponsorship of such goods and services.

40. Defendant's conduct constitutes unfair competition in violation of the Federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41. As a direct and proximate result of Defendant's conduct in violation of 15 U.S.C. § 1125(a)(1)(A), Wet Willie's has suffered actual and irreparable injury for which no adequate remedy exists at law.

42. Defendant's wrongful conduct will continue to cause such injury unless enjoined by this Court.

## COUNT IV

### Federal Trademark Dilution

43. Wet Willie's incorporates by reference the allegations contained in paragraphs 1 - 24 of this Complaint, as if fully set forth herein.

44. By virtue of years of widespread and prominent use in connection with bar and restaurant-related goods and services, the WET WILLIE'S Mark has become famous and an asset of substantial value to Wet Willie's.

45. Defendant has used the WET WILLIE'S Mark, without authorization, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services.

46. Defendant's use has occurred after the WET WILLIE'S Mark became famous, and it dilutes the distinctive quality of Wet Willie's famous WET WILLIE'S Mark, including by blurring and by tarnishment.

47. Defendant's conduct constitutes trademark dilution in violation of the Federal Lanham Act, 15 U.S.C. § 1125(c).

48. As a direct and proximate result of Defendant's conduct in violation of 15 U.S.C. § 1125(c), Wet Willie's has suffered actual and irreparable injury for which no adequate remedy exists at law.

49. Defendant's wrongful conduct will continue to cause such injury unless enjoined by this Court.

## COUNT V

### State Trademark Dilution and Injury to Business Reputation

50. Wet Willie's incorporates by reference the allegations contained in paragraphs 1 - 24 of this Complaint, as if fully set forth herein.

51. Defendant's unauthorized use of the WET WILLIE'S Mark in connection with the promotion and sale of Defendant's goods or services is likely to injure the business reputation of Wet Willie's by diluting the distinctive quality of the WET WILLIE'S Mark.

52. Defendant's conduct constitutes state trademark dilution and injury to business reputation in violation of Fla. Stat. Ann. § 495.151, for which Wet Willie's has no adequate remedy at law.

53. Defendant's wrongful conduct will continue to cause such injury unless enjoined by this Court.

## COUNT VI

### Deceptive Trade Practices

54. Wet Willie's incorporates by reference the allegations contained in paragraphs 1 - 24 of this Complaint, as if fully set forth herein.

55. Defendant has, in the course of its business, used the WET WILLIE'S Mark, without authorization, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services.

56. In so doing, Defendant has passed off its goods or services as those of Wet Willie's.

57. Defendant's unauthorized use of the WET WILLIE'S Mark is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods or services, or to cause confusion or misunderstanding as to the affiliation, connection, or association between Defendant and its goods and services, on the one hand, and Wet Willie's and its goods and services, on the other.

58. Defendant's conduct constitutes deceptive trade practices in violation of Fla. Stat. Ann. § 501.201 *et seq.*

59. As a direct and proximate result of Defendant's deceptive trade practices, Wet Willie's has suffered actual and irreparable injury for which no adequate remedy exists at law.

60. Defendant's wrongful conduct will continue to cause such injury unless enjoined by this Court.

## JURY DEMAND

Wet Willie's hereby demands trial by jury of all issues raised in this Complaint that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, by virtue Defendant's unlawful conduct as alleged in Counts I through VI of this Complaint, Wet Willie's respectfully prays that:

1. The Court enter judgment that the WET WILLIE'S Mark is valid and enforceable, and that Defendant, as a result of its unauthorized use of the WET WILLIE'S Mark has:

   a. infringed, either directly or contributorily, Wet Willie's rights in the WET WILLIE'S Mark in violation of 15 U.S.C. §1114(1), and the common law of the State of Florida;

   b. engaged in unfair competition with Wet Willie's in violation of the Federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A);

   c. diluted the distinctive quality of the WET WILLIE'S Mark in violation of 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151; and

   d. engaged in deceptive trade practices, in violation of Fla. Stat. Ann. § 501.201 *et seq.*

2. The Court issue a permanent injunction enjoining Defendant and its related companies, officers, agents, employees, attorneys, and/or representatives, and all those persons in active concert or participation with them, from:

    a. passing off or inducing or enabling others to sell or pass off any goods or services that are not authorized by Wet Willie's as goods or services that are sponsored or endorsed by, associated or affiliated with Wet Willie's;

    b. otherwise diluting the distinctive quality of the WET WILLIE'S Mark;

    c. otherwise competing unfairly with Wet Willie's; and

    d. engaging in deceptive trade practices with regard to the WET WILLIE'S Mark.

3. Pursuant to Section 36 of the Trademark Act of 1946, 15 U.S.C. § 1118, Defendant be directed to deliver up to Wet Willie's for destruction all advertising and promotional materials, signs, business cards and all other materials which bear the WET WILLIE'S Mark, the WET WILLY'S mark, or any confusingly similar variation thereof, in any form, and all plates, molds, matrices and other means of making or duplicating the same;

4. Defendant be required to transfer ownership and control of the <wetwillys.com> domain name to Wet Willie's;

5. Defendant be required to withdraw its pending trademark applications, Serial Nos. 78/259,969 and 78/431,295, for its WET WILLY'S mark;

6. Pursuant to Section 35 of the Trademark Act of 1946, 15 U.S.C. §1117, an accounting be had and judgment be rendered against Defendant for the profits, gains and advantage derived from its wrongful actions and the damages sustained by Wet Willie's as a result of Defendant's actions, with such amounts to be trebled as provided by law because of the willful and deliberate nature of Defendant's actions;

7. Defendant be required to pay Wet Willie's actual damages, enhanced damages, and punitive damages in light of the willful and intentional nature of its actions;

8. Pursuant to Section 35 of the Trademark Act of 1946, 15 U.S.C. §1117(a), Defendant be required to pay Wet Willie's the cost of this action and the reasonable attorneys' fees Wet Willie's has incurred in connection with this action; and

9. Wet Willie's be granted such other and further relief as the Court deems just and proper.

DATED this 18th day of August, 2005.

        ALSTON & BIRD LLP
        1201 West Peachtree Street
        Atlanta, GA 30309-3424
        Telephone: (404) 881-7000
        Facsimile: (404) 881-7777
        By:   Robert L. Lee
                Andrew J. Wilson

        STEARNS WEAVER MILLER WEISSLER
        ALHADEFF & SITTERSON, P.A.
        150 West Flagler Street
        Museum Tower, Suite 2200
        Miami, FL 33130
        Telephone:  (305) 789-3200
        Facsimile:   (305) 789-3395

        By: _____
            Jay B. Shapiro
            Florida Bar No. 776361

        Counsel for Plaintiffs
        WET WILLIE'S MANAGEMENT
        CORP. and SOUTH BEACH WET
        WILLIE'S, INC.

# CIVIL COVER SHEET   05-22300

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

**I(a) PLAINTIFFS**
WET WILLIE'S MANAGEMENT CORP.
and SOUTH BEACH WET WILLIE'S, INC.

**DEFENDANTS**   CIV-COOKE
IMPACT DISTRIBUTION, INC. a/k/a IMPACT BEVERAGE CO.

MAGISTRATE JUDGE
BROWN

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:** Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:** Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND OF CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jay B. Shapiro
Stearns Weaver Miller, et al
150 West Flagler Street, Suite 2200
(305) 789-3200

**ATTORNEYS (IF KNOWN)**

NIGHT BOX FILED
AUG 18 2005
CLARENCE MADDOX
CLERK, USDC/SDFL/MIA

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**

**DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

Docket 1:05CV 22300 Cooke/Brown

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

15 U.S.C. §§ 1114, 1125

**IVa.** 10 days estimated (for both sides) to try entire case.

## V. NATURE OF SUITE (PLACE AN x IN ONE BOX ONLY)

| A. CONTRACT | A. TORTS |  | B. FORFEITURE / PENALTY | A. BANKRUPTCY | A. OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A. PROPERTY RIGHTS** | ☒ 450 Commerce / ICC Rates / |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizatio |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety / Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities / Commoditie Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **A. LABOR** | **B. SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 MIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 385 Property Damage Product Liability | B ☐ 720 Labor / Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Ac |
|  |  |  | ☐ 730 Labor / Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC / DIWW (405g)) | ☐ 893 Environmental Matters |
| **A. REAL PROPERTY** | **A. CIVIL RIGHTS** | **B. PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information A |
| B ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus** | ■ 791 Empl. Ret. Inc. Security Act | **A. FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determina Under Equal Access to Ju |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing / Accommodation | * ☐ 530 General |  |  | * ☐ 950 Other Statutory Actions |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | * A or B |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | * ☐ 540 Mandamus & Other |  | ☐ 871 IRS - Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights * A or B |  |  |  |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
■ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

**DATE** 8/18/05

**SIGNATURE OF ATTORNEY OF RECORD** [signature]

**UNITED STATES DISTRICT COURT**
S/F  I-2
REV. 6/90

FOR OFFICE USE ONLY: Receipt No.: 925994   Amount: $250.00
Date Paid: 08/19/05   M/ifp: _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or ot papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United State September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover shee submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agen use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resi at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In l condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

**(c) Attorneys.** Enter firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, no in this section "(see attachment)."

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8 (a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence if given in the order shown below.

**United States plaintiff.** (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included he

**United States defendant.** (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

**Federal question.** (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendm to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code ta precedence, and box 1 or 2 should be marked.

**Diversity of citizenship.** (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases).

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. M this section for each principal party.

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of the suit cannot be determined, be sure the cause of action, in Section above, is sufficient to enable the deputy clerk of the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits m than one nature of suit, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

**Original Proceedings.** (1) Cases which originate in the United States district courts.

**Removed from State Court.** (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 14 When the petition for removal is granted, check this box.

**Remanded from Appellate Court.** (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the fi date.

**Refiled.** (4) Check this box for cases refiled in the district court. Attach copy of order.

**Transferred from Another District.** (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfe multidistrict litigation transfers.

**Multidistrict Litigation.** (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 14 When this box is checked, do not check (5) above.

**Appeal to District Judge from Magistrate Judge.** (7) Check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

**Demand.** In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunct

**Jury Demand.** Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the doc numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet

(rev. 6/90)